# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM H. JOHNSON, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 14-CV-411-JED-FHM |
| JEORLD BRAGGS, JR., Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action. The Petitioner, William H. Johnson, Jr., is a state inmate and appears *pro se*. When he filed his petition, Petitioner was in custody at Dick Conner Correctional Center, located in Hominy, Oklahoma. For the reasons discussed below, the Court finds the petition shall be denied.

## *BACKGROUND*

Petitioner challenges the results of a prison disciplinary proceeding held at James Crabtree Correctional Center (JCCC). The record reflects that, on March 13, 2013, Petitioner received a copy of the offense report for the offense of "attempt to introduce contraband into a correctional facility" (Doc. 5-2). An Investigator's Report (Doc. 5-3) was prepared. Petitioner signed the report, acknowledging receipt of the report, all attachments, and contents. *Id.* At the conclusion of a hearing, held March 25, 2013, the hearing officer found Petitioner guilty and imposed discipline, including the loss of 365 days of earned credits. *See* Doc. 5-4. The facility head affirmed the finding on March 27, 2013. *Id.* Petitioner submitted a misconduct appeal form, claiming that, *inter alia*, there was no evidence to support the misconduct. *See* Doc. 5-5. On April 29, 2013, Petitioner received a copy of the Due Process Review form, reflecting the facility head's finding that "[d]ue

process procedures were afforded to this offender." *See* Doc. 5-6. Petitioner appealed to the Administrative Review Authority (ARA). *See* Doc. 5-7. On June 27, 2013, the Director's Designee remanded for a rehearing on the amended charge of "Law Violation." *See* Doc. 5-8. On July 15, 2013, at the conclusion of a rehearing on the amended charge, Petitioner was found guilty of a "law violation," and received sanctions, including the loss of 365 days of earned credits. *See* Doc. 5-9. After the facility head conducted a Due Process Review and affirmed the misconduct finding, *see* Doc. 5-11, Petitioner appealed to the ARA, *see* Doc. 5-12. On October 18, 2013, the Director's Designee affirmed, finding the existence of sufficient evidence to support the disciplinary action. *See* Doc. 5-13.

On December 4, 2013, Petitioner filed a petition for judicial review in Oklahoma County District Court, Case No. CV-2013-2501 (Doc. 5-14). By Order filed January 15, 2014 (Doc. 5-15), the state district judge denied the requested relief, finding that "the hearing officer clearly had 'some evidence' upon which to base his decision, including the following: that an offense report was completed on March 1, 2013, stating that 'this offender attempted to have illegal drugs, tobacco, cell phones, and other items of paraphernalia introduced into the yard at JCCC and once introduced this offender was to sell a portion of those items to other offenders.'" *Id.* at 2. Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA). By Order filed April 30, 2014, in Case No. REC-2014-131 (Doc. 5-17), the OCCA affirmed the denial of the petition for judicial review, concluding that "Petitioner hasn't established the District Court erred or abused its discretion" in finding that "some evidence" supported the decision of the hearing officer. *Id.* at 2.

On July 21, 2014, Petitioner filed his 28 U.S.C. § 2241 petition for writ of habeas corpus (Doc. 1). On August 13, 2014, Respondent filed a response (Doc. 5), arguing that the petition must be denied.

## *ANALYSIS*

### A. Exhaustion requirement is satisfied in this case

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). In this case, the Court finds Petitioner exhausted his administrative and state judicial remedies before filing his federal habeas petition.

### B. Petitioner's request for habeas corpus relief shall be denied

Petitioner claims that, in his case, "the Offense Report itself is not 'evidence' and there was not even a modicum of evidence to support a finding of guilt on a charge of Law Violation and no determination was made concerning the reliability of the confidential witness statements relied on by both hearing officers in making their findings of guilt." *See* Doc. 1 at 9. Petitioner acknowledges, *see id.*, that his claim is governed by the standards set forth in *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985), providing that "the minimum requirements of procedural due process [require that] the findings of the prison disciplinary board [be] supported by *some evidence* in the record." *Id.* at 454 (emphasis added).

To obtain habeas corpus relief, an inmate must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit Court of Appeals has long recognized that "an inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause

3

of the Fourteenth Amendment.'" *Taylor v. Wallace*, 931 F.2d 698, 700 (10th Cir. 1991) (quoting *Ponte v. Real*, 471 U.S. 491, 495 (1985)). However, because prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so," the "full panoply of rights due a defendant in (criminal) proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556, 561 (1974); *Real*, 471 U.S. at 495; *Abdulhaseeb v. Ward*, 173 F. App'x 658, 661 (10th Cir. 2006) (unpublished).[1] In *Wolff*, the Supreme Court held that in order to satisfy due process in a prison disciplinary proceeding, the inmate must receive: (1) "advance written notice of the claimed violation" no less than 24 hours prior to the hearing; (2) an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; and (3) a "written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." *Wolff*, 418 U.S. at 563-66; *Abdulhaseeb*, 173 F. App'x at 661 (citing *Hill*, 472 U.S. at 454); *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). The Supreme Court subsequently added that when "some evidence" supports the decision to revoke good time credits, the requirements of procedural due process have been met. *Hill*, 472 U.S. at 454; *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (review of disciplinary proceeding limited to whether prison officials followed three steps mandated by *Wolff* and whether some evidence supported discipline). "Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether

---

[1]This unpublished opinion is not precedential but is cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56; *see also Mitchell*, 80 F.3d at 1445.

Petitioner's request for habeas corpus relief fails because the record clearly demonstrates that he was afforded all the process to which he was due under the Constitution. The Court finds that all three of the *Wolff* procedural requirements were met in the present case. *See* Doc. 5-9 at 1, 2; Doc. 5-11 at 1. Moreover, the "some evidence" standard was clearly met. The evidence against Petitioner was based on a "confidential testimony statement," and demonstrated that Petitioner "was a major player in the attempt and at times successful introduction of contraband into the facility at JCCC. The investigation showed that this offender helped to coordinate the drops and he would receive a portion of that drop to sell to other offenders on this yard." *See* Doc. 5-3 at 4. After the charge was amended to "Law Violation," the officer conducting the rehearing found Petitioner guilty based on "Unit Manager Rogers' statement that Johnson attempted [to] have drugs, tobacco and phones introduced into JCCC. Confidential witness testimony shows evidence that Offender Johnson participated [in] a law violation." *See* Doc. 5-9. After reviewing the record, the Court finds that the findings of the disciplinary officer were supported by "some evidence."

In summary, Petitioner has failed to show any entitlement to habeas relief. Petitioner was afforded all the process to which he was due at the disciplinary hearing and "some" evidence supported the finding of misconduct. Petitioner's earned credits were not revoked in violation of due process principles. Therefore, Petitioner is not entitled to habeas corpus relief and his petition shall be denied.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citation omitted).

In this case, the Court concludes that a certificate of appealability should not issue. Petitioner has not demonstrated that resolution of the issue raised in this case is debatable among jurists. Nothing suggests that the Tenth Circuit Court of Appeals would resolve the issue differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the 28 U.S.C. § 2241 petition for writ of habeas corpus (Doc. 1) is **denied**. A certificate of appealability is **denied**. A separate judgement shall be entered in this matter.

ORDERED THIS 10th day of July, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE